111 F.3d 139
 79 A.F.T.R.2d 97-2187, 97-2 USTC P 50,540
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REDEVELOPMENT AGENCY OF the CITY OF OAKLAND, Defendant-Appellant.
 No. 95-17084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided April 8, 1997.
 
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 The United States brought this action under 26 U.S.C. §§ 6332 and 7403 to enforce a Notice of Levy served upon the Redevelopment Agency of the City of Oakland (the Agency). The district court granted summary judgment for the United States and the Agency timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 This appeal arises from competing claims to rent monies between a holder of an assignment of rents (the Agency) and the government's tax lien. Raymond Castor (not party to this proceeding) owned certain real property in the City of Oakland which was leased to the city for a term of twenty years. On August 5, 1987, Castor mortgaged the property and gave an assignment of rents to the lender. On October 21, 1991, the Internal Revenue Service (IRS) imposed a federal tax lien on Raymond Castor for unpaid employment taxes. On December 9, 1991, the lender sought and obtained court appointment of a Receiver to collect the rents. The Agency then purchased the mortgage along with the assignment of rents. The Agency also purchased Castor's real property in a foreclosure sale on June 10, 1993, for less than the amount due on Castor's mortgage. The Receiver gave the Agency, as assignee of the mortgage, the rent monies collected before the foreclosure sale. On January 28, 1994, the IRS served a Notice of Levy on the Agency to collect these rent monies. The Agency refused to honor the levy.
 
 
 4
 On March 30, 1995, the United States brought this action to enforce the levy. The Agency filed a motion to dismiss or, alternatively, for summary judgment asserting that the Government was not entitled to the rents. The Government filed a cross-motion for summary judgment asserting that the Notice of Federal Tax Lien filed on October 21, 1991, primed the Agency's interest in the rents. On August 16, 1995, the district court granted the Government's motion for partial summary judgment. The district court found that the assignment of rents clause in the Deed of Trust was an assignment of rents for security purposes which was not perfected until December 9, 1991, the date the Receiver was appointed. Because the Government's notice of federal tax lien was filed on October 21, 1991, the Government had a priority interest in the rent monies. On October 16, 1995, the parties stipulated as to the amount of rent and for judgment. Judgment was entered on October 17, 1995. The Agency filed its timely appeal on October 24, 1995.
 
 ANALYSIS
 
 5
 The United States argues for the first time on appeal that the Agency is liable under section 6332(d)(1) of the Internal Revenue Code for its failure to honor the Internal Revenue Service levy, without regard to whether the Agency's lien primed the Government's federal tax lien. Although this issue was not raised or ruled on in the district court, we may affirm on this basis if it is supported by the record. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 507 U.S. 1051 (1993).
 
 
 6
 Under 26 U.S.C. § 6321, a lien arises when a taxpayer fails or refuses to pay his taxes after assessment, notice and demand. See §§ 6321 and 6322 (1992). The lien is against "all property and rights to property, whether real or personal, belonging ... [to a delinquent taxpayer]." 26 U.S.C. § 6321. State law determines whether a taxpayer's interest constitutes property. United States v. Hemmen, 51 F.3d 883, 887 (9th Cir.1995). "The lien continues to attach to a taxpayer's property regardless of any subsequent transfer of the property." United States v. Donahue Indus., Inc., 905 F.2d 1325, 1331 (9th Cir.1990) (citations omitted).
 
 
 7
 If the tax remains unpaid, within ten days after notice and demand, the IRS may collect the tax by levy. 26 U.S.C. § 6331. Levy may be made "upon all property and rights to property ... belonging to [a taxpayer] or on which there is a [federal tax] lien. 26 U.S.C. § 6331(a) (emphasis added). When a taxpayer's property is held by another, the IRS customarily serves a notice of levy upon that party, pursuant to 26 U.S.C. § 6332(a). If the party refuses to surrender the property in response to the levy, he is personally liable to the government in an amount equal to the value of the property not surrendered. 26 U.S.C. § 6332(d)(1).
 
 
 8
 There are two defenses for failure to comply with a tax levy: 1) the party is not in possession of the taxpayer's property, or 2) the property is subject to a prior judicial attachment or execution. United States v. National Bank of Commerce, 472 U.S. 720, 721-22 (1985); Hemmen, 51 F.3d at 887-88.
 
 
 9
 The Agency argues that it has the benefit of the first defense because, when it received the Notice of Levy on January 28, 1994, Castor no longer had any right to the rent monies. That is, the appointment of the Receiver on December 9, 1991, at the very latest, gave the mortgage lender the right to the rent to be applied to the debt.
 
 
 10
 For the reasons stated by the district court, we agree with the district court that the assignment of rents at issue in this appeal was not an absolute assignment, but an assignment of rents for security purposes. Therefore, the situation here is not distinguishable from that in Donahue. In Donahue, a bank loaned money to the taxpayer, taking as collateral a security interest in the taxpayer's accounts receivable. The IRS filed several tax lien notices against the taxpayer before the taxpayer defaulted on the bank loan. After default the bank collected the accounts receivable and applied them against the balance of the loan. The IRS then served a Notice of Levy on the bank to collect the monies from the accounts receivable. The bank argued that it had no property belonging to the taxpayer. We affirmed the district court's judgment enforcing the levy, stating: "the bank took the taxpayer's accounts receivable subject to the government's lien, which attached when the tax deficiencies were assessed.... We hold that the bank was required to honor the levy by surrendering the property demanded." 905 F.2d at 1331.
 
 
 11
 Here, the Receiver was appointed after the government filed its lien notice. Thus, the Agency took the rent monies subject to the government's lien and, under Donahue, is liable under 26 U.S.C. § 6332(d)(1) for failure to honor the levy.
 
 CONCLUSION
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3